SO ORDERED.

Dated: June 10, 2021

Eddward P. Ballinger Jr., Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

| | |
|---|---|
| Bankruptcy Judge: | Eddward P. Ballinger, Jr. |
| Case Name: | Robert W. and Tabatha L. Akers |
| Case No.: | 2:21-bk-01276-EPB |
| Subject of Matter: | Motion to Avoid Lien |
| Date Matter Ruled Upon: | June 10, 2021 |

Before the Court is debtors' motion to avoid lien [docket #15], which seeks to avoid the judgment liens of a variety of creditors. Per 11 U.S.C. section 522(f)(1)(A), a judicial lien may be avoided to the extent it impairs an exemption. The motion fails to provide any evidence establishing the liens or their amount or the fair market value of the debtors' real property. Absent such a evidence, it is unclear if the lien can be voided. *In re Hanger*, 217 B.R. 592 (9th Cir. BAP), *aff'd,* 196 F.3d 1292 (9th Cir. 1999).

In addition, Bankruptcy Rule 7004(b)(3) requires service upon a domestic corporation be made to the "attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." That does not appear to have been done here. Additionally, service is not properly made to the state court attorney who

obtained the judgment absent a showing that the attorney is authorized to accept service for a motion to avoid the lien.

Therefore, the motion is denied without prejudice until such evidence is provided of the property's fair market value and the value of all liens on the property. Further, debtors must follow the requirements for proper service as set forth in Bankruptcy Rule 7004.